IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  vs.<br><br>DAVID DUANE SHORT,<br>CHELSEA LEIGH SHORT, and<br>EDWARD GLEN SUMMERS,<br><br>     Defendants. | **8:20CR22**<br><br>PRELIMINARY ORDER OF FORFEITURE |

This matter is before the Court upon the United States of America's Motion for Preliminary Order of Forfeiture (Filing No. 150). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. On June 29, 2020, the Court held a change of plea hearing and defendant Chelsea Leigh Short entered a plea of guilty to Count One of the Indictment.

2. On March 29, 2021, defendant David Duane Short entered into a plea agreement, pleading guilty to Count One and admitting to forfeiture of $15,280.00 and $410.00 U.S. currency in the Forfeiture Allegation of the Indictment. (Filing No. 116).

3. On April 12, 2021, the Court held a change of plea hearing and defendant Summers entered a plea of guilty to Count One. (Filing No. 119).

4. Counts One and Two of the Indictment charged defendants with distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, and a gun violation of 18 U.S.C. § 924(c)(l)(A). (Filing No. 19).

5. The Forfeiture Allegation of the Indictment alleged the following Property was derived from proceeds obtained (directly or indirectly) as a result of the violation and/or was used (or intended to be used) to commit or facilitate the violation:

    a. $410 U.S. currency;

    b. $15,280 U.S. currency.

6. As a result of these pleas, defendants' interests in the Property are forfeited to the United States.

7. The United States is entitled to possession of the Property.  21 U.S.C. § 853.

8. The Motion for Preliminary Order of Forfeiture should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The Motion for Preliminary Order of Forfeiture is hereby granted.

B. Defendants' interests in the Property are hereby forfeited to the United States. 21 U.S.C. § 853(n)(1).

C. The United States is hereby authorized to seize the Property.

D. The United States shall hold the Property in its secure custody and control.

E. Pursuant to 21 U.S.C. §853(n)(1), the United States shall publish notice of this Preliminary Order of Forfeiture for at least thirty consecutive days on an official internet government forfeiture site, www.forfeiture.gov.  The United States may also, to the extent practicable, provide direct written notice to any person known to have an interest in the Property.

F. Pursuant to 21 U.S.C. § 853(n)(2), notice shall provide that any person, other than defendant, having or claiming a legal interest in the Property must file a

petition with this Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

G.  Pursuant to 21 U.S.C. § 853(n)(3), a petitioner must sign the petition under penalty of perjury and set forth the nature and extent of the petitioner's right, title or interest in the Property and any additional facts supporting the petitioner's claim and the relief sought.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture addressing all interests.  21 U.S.C.§ 853(n).

ORDERED this 28th day of July, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge